[Crim. No. 3321.  Second Appellate District, Division One.—May 6, 1940.]

THE PEOPLE, Respondent, v. JACK JONES, Appellant.

Walter L. Gordon, Jr., for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DORAN, J.—On Saturday, September 23, 1939, between the hours of 9 and 9:30 o'clock at night, a robbery was committed by two negroes at the Caler's Market on West Jefferson Boulevard in Los Angeles. One bandit entered the grocery department and took the money from the cashier, Ralph Robinson, at the point of a gun, while the other bandit stood in front of the store about 22 feet away from the victim. The two bandits then went over to the fruit and vegetable

department in the front of the market, and the one who had taken the money from Mr. Robinson in the grocery department·now took the money from the cash register in the fruit department. The other bandit stood near by and held a gun. After they had taken the money the two men turned and ran.

The defendant and appellant, Jack Jones, was thereafter charged by information, together with one Felix Wiley, with two counts of robbery in connection with the above incident. The charges as to Felix Wiley were dismissed. Defendant entered a plea of "not guilty" and the cause was tried before a jury. It was the contention of the prosecution that the defendant Jack Jones was the bandit who stood in the front of the market while the grocery department was being robbed, and that he later joined the accomplice and held the gun while the clerk in the fruit department was being robbed.

The jury found the defendant guilty of both counts.

This appeal is from the judgment of conviction and from the order denying defendant's motion for a new trial.

■ . It is contended, in effect, that the evidence is insufficient to sustain the judgment, and that misconduct of the district attorney prevented the defendant from having a fair and impartial trial. Valid support for both contentions is entirely lacking in the record.

It is argued with regard to the first contention that the evidence falls short of being sufficient because the four witnesses who were present in the market at the time the robberies were committed, were unable to identify appellant. If true, and if such evidence constituted the only evidence adduced at the trial, the argument would be well-founded, for the four witnesses testified that defendant *resembled* the individual who committed the robbery. However, in addition to the finding by police officers of two guns hidden under a mattress in the home of a friend of the defendant, one James Mathews, whom the defendant visited that evening, the record reveals that a witness, Frank Miles, testified that a man by the name of "Joe" borrowed his car at "dusk dark" on the evening in question, at which time defendant and appellant Jack Jones, whom Miles knew by sight, was standing near. "Joe" and the defendant then drove away together in Miles' car. The witness Miles testified that the defendant returned later, alone, without the car, and in-

formed him that he, Jones, had used the car in a "holdup"; and, further, that defendant then told him: "Here is what I want you to do. We will give you $30.00. Go out on the highway and call the police and tell them someone put a gun in your side and has taken your car."

Miles also testified that he was ordered by the defendant to accompany him and his wife to the home of James Mathews, at which time defendant's wife held a paper bag which, the defendant told him, contained "artillery". The guns found by the police officers were in a paper bag.

Incidentally, the description of the car used in the robbery corresponded to the description of Miles' car, which was an old Ford coupe with white wire wheels.

The foregoing brief and partial reference to additional. evidence relied upon by respondent to sustain the judgment is sufficient to indicate the futility of appellant's argument.

The contention that certain alleged misconduct of the district attorney interfered with a fair and impartial trial, is trivial.

For the foregoing reasons the judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

York, P. J., and White, J., concurred.